UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 3:18-cr-6-TAV-DCP-10 |
| | ) | |
| EARL J JONES, | ) | |
| | ) | |
| Defendant. | ) | |

## **ORDER**

Before the Court is defendant's pro se motion for early termination of supervised release [Doc. 663]. On April 18, 2018, defendant pleaded guilty to Count One of the indictment charging him with conspiracy to distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A) [Docs. 98, 118]. On November 4, 2019, the Court sentenced defendant to a term of imprisonment of 57 months, followed by a term of supervised release of 5 years [Doc. 494].

On April 3, 2024, defendant filed a motion asking the Court to prematurely terminate his supervised release [Doc. 663].[1] In support of his request, defendant states that he will complete half of his supervised release term in July 2024. He reports that he has held the same occupation since 2021 and has received multiple raises. After receiving his driver's license in 2022, defendant notes he purchased a vehicle and has maintained

---

[1] Defendant has moved for early termination of his probation [Doc. 663]. However, this Court imposed on defendant a 5-year term of supervised release [Doc. 494]. As a result, the Court construes defendant's motion as asking for early termination of supervised release.

insurance. He claims he has worked hard to change his life around and has complied with the conditions of his supervised release term.

The United States Probation Office (the "USPO") states that defendant will have served at least half of his supervised release term in July 2024. The USPO further states that he has maintained suitable employment, passed all of his drug screens, and complied with all other conditions of supervised release. As a result, the USPO states that it does not have any objection to defendant's request for early termination of supervised release.

The government responds that based on a review of defendant's file and the opinion of the USPO, it also does not oppose defendant's request for early termination of supervised release once he has completed half of his term in July 2024.

Title 18, § 3583(e)(1) of the United States Code provides as follows:

> The court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7) . . . terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.

18 U.S.C. § 3583(e)(1). "Early termination of supervised release is a discretionary decision that is only warranted in cases where ethe defendant shows changed circumstances—such as exceptionally good behavior." *United States v. Atkin*, 38 F. App'x 196, 198 (6th Cir. 2002). "Full compliance with the terms of supervised release is what is expected of a person under the magnifying glass of supervised release and does not warrant early

termination." *United States v. Laughton*, 658 F. Supp. 3d 540, 544 (E.D. Mich. 2023) (internal quotation marks and alterations omitted). Indeed "[i]f 'unblemished' postrelease conduct warranted termination of supervised release, then the exception would swallow the rule, i.e., diligent service of the full period of supervised release imposed at sentencing." *Id.* (internal quotation marks omitted).

After carefully considering the requirements of the statute, the Court finds that the relevant provisions of 18 U.S.C. § 3553(a) do not support early termination of defendant's supervised release at this time. As an initial matter, defendant has not yet served half of his supervised release term. Moreover, defendant's request for early termination is based on his compliance with the conditions of his supervised release, including passing required drug screens and his compliance with the law. However, such conduct is expected of defendants on supervised release, and defendant has not otherwise demonstrated that terminating his supervised release is warranted by his conduct or is in the interest of justice at this time.

Accordingly, the Court is not "satisfied that [early termination] is warranted by the conduct of the defendant released and the interest of justice," 18 U.S.C. § 3583(e)(1), and hereby **DENIES** defendant's motion [Doc. 663].

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE